UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN BOURGEOIS,

Plaintiff,

v. Case No.: 2:26-cv-2383-SPC-NPM

PERSON IN CHARGE OVER THE GRIEVANCES,

Defendant.
_________________________________/

**OPINION AND ORDER**

Before the Court is Plaintiff Steven Bourgeois's Complaint (Doc. 1). Bourgeois is a prisoner of the Florida Department of Corrections, and he sues an unidentified state prison official under 42 U.S.C. § 1983. The Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915A.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the

constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Bourgeois alleges the unknown official in charge of grievances in his unit at Moore Haven Correctional Facility does not properly respond to his grievances. Bourgeois attached two grievances to his complaint. In the first, Bourgeois demanded pantoprazole to treat acid reflux. An official denied the first response, informed Bourgeois he needed an order from a doctor, and advised him to use the sick-call process. Bourgeois filed the second grievance a week later. Again, he demanded pantoprazole. A different official returned the second grievance without action because it was duplicative of the first. Bourgeois asserts the grievance responses amount to cruel and unusual punishment under the Eighth Amendment, but they do not.

The Eighth Amendment's "prohibition of cruel and unusual punishment requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To succeed on an Eighth Amendment claim for failure to act, a plaintiff must show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the prison official was deliberately indifferent to the risk, and (3) the constitutional violation caused his injuries. *Id.* at 1357-58. Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate

indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

Bourgeois does not plausibly plead that any official involved in the grievance process acted recklessly to a known risk of serious harm. An official cannot be found liable for deliberate indifference if he or she acted reasonably. "[T]he reasonableness of the response is dependent upon the exigencies of the specific circumstances." *Cox*, 15 F.4th at 1360. It was reasonable to advise Bourgeois to use the sick-call process to request medication, and it was reasonable to return the second grievance without action after the first was properly addressed. As a result, Bourgeois's complaint does not plausibly establish that either defendant was deliberately indifferent to a substantial risk of serious harm.

What is more, "prisoners have no constitutionally protected liberty interest in having access to prison grievance procedures." *Allen v. Sec'y, Fla. Dep't of Corr.*, 578 F. App'x 836, 439 (11th Cir. 2014). Thus, alleged defects in the grievance procedure do not violate a prisoner's constitutional rights. *Id.* Because the only claim in the complaint stems from reasonable grievance responses, amendment would be futile. If Bourgois believes a medical provider has been deliberately indifferent to a serious medical need, he may assert that claim in a new action.

Accordingly, it is

**ORDERED:**

Plaintiff Robert Bourgeois's complaint (Doc. 1) is **DISMISSED for failure to state a claim**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, on October 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record